AB:OG
F.#2019R01198

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | **TO BE FILED UNDER SEAL** |
| - against - | AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT |
| TYSEAN SPANN, | |
| Defendant. | Case No. 19-MJ-803 |
| | (18 U.S.C. § 922(g)(1)) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

STEVEN SAINT HILAIRE, being duly sworn, deposes and states that he is a Detective with the New York City Police Department, duly appointed according to law and acting as such.

On or about September 3, 2019, within the Eastern District of New York, the defendant TYSEAN SPANN, knowing that he had been previously convicted in a court of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign commerce a firearm, to wit, a black Jiminez semiautomatic 9mm-caliber handgun with serial number TLR06642, and ammunition.

(Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Detective with the New York City Police Department ("NYPD") and have been involved in the investigation of numerous cases involving the recovery of firearms and ammunition. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation. Where I describe the statements of others, I am doing so only in substance and in part.

2. On September 3, 2019, at approximately 2:40 p.m., three NYPD officers[2] were on patrol in an unmarked vehicle traveling northbound on Union Hall Street between 108th and 109th Avenues, in Queens, New York. As the officers were driving northbound, the defendant, TYSEAN SPANN, was walking southbound on the east side of the street away from a group of four or five other individuals. Officer-1 recognized SPANN and two of the other individuals from prior interactions with law enforcement. SPANN was wearing a white long-sleeved high-collared shirt, gray pants that extend just past his knees, a tan cap and blue sneakers. The officers continued patrolling the area. Upon returning to the location a short time later, the officers observed SPANN and the other individuals at the

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

[2] Because multiple officers were involved in the arrest, I refer to them as Officer-1, Officer-2 and Officer-3 for ease of the reader. The identities of each of these individuals are known to the affiant and I have interviewed each of them.

same location. The officers saw one of the individuals appear to place an object behind a tire of a vehicle parked on the east side of the street. The officers continued patrolling the area but returned a short time later. The officers then observed the defendant SPANN and the other individuals traveling northbound on Union Hall Street. Officer-2 exited the unmarked vehicle and checked behind the tire of the parked vehicle where it appeared that one of the individuals place an object. After searching around the outside of the parked vehicle, Officer-2 noticed three black plastic bags that were hanging on a fence in front of a residence near the parked vehicle. Officer-2 felt one of the plastic bags and saw the outline of a firearm. As Officer-2 checked the plastic bag, the defendant SPANN and the other individuals fled westbound on 108th Avenue. A few minutes later, Officer-1 looked inside one of the other plastic bags and saw another firearm.

3. Officers canvassing the area obtained video footage from surveillance cameras located outside the front of a residential home in the vicinity of where the firearms were found. Although his face is not clearly visible in the surveillance video, Officer-1 confirmed that the defendant TYSEAN SPANN is the individual in the surveillance video wearing a white long-sleeved high-collared shirt, gray pants that extend just past his knees, a tan cap and blue sneakers. After reviewing a photograph from an NYPD database, Officer-1 again confirmed SPANN's identity in the surveillance video. Officer-3 also confirmed SPANN's identity in the surveillance video after reviewing a photograph of SPANN from an NYPD database and comparing it to his observations of SPANN earlier in the day.

4. The video footage depicts the defendant TYSEAN SPANN and four other individuals walking back and forth in the area of Union Hall Street between 108th and

109th Avenues, in Queens, New York. In substance and in part, the video footage depicted the following events:

    a. At approximately 2:42 p.m., the defendant TYSEAN SPANN was carrying a black plastic bag, walking northbound on the east side of the street with one of the other individuals from the group;

    b. At approximately 2:42:58 p.m., the defendant TYSEAN SPANN hung the black plastic bag he was carrying on the fence;

    c. Between approximately 2:47 p.m. and 2:48 p.m., both the defendant TYSEAN SPANN and one of the other individuals, wearing a striped shirt, hung and removed items from the fence;

    d. At approximately 2:49:28 p.m., the defendant TYSEAN SPANN removed an item from the fence;

    e. At approximately 2:49:55 p.m., the individual wearing the striped shirt removed an item from the fence;

    f. At approximately 2:50 p.m., TYSEAN SPANN hung a black plastic bag on the fence. At the same time, although the specific item cannot be seen on the video, the individual wearing the striped shirt appears to hang an item on the fence in the exact location where a plastic bag containing a firearm was later found;

    g. At approximately 2:53:56 p.m., Officer-2 found a firearm in the plastic bag that TYSEAN SPANN hung on the fence;

    h. At approximately 2:56:40 p.m., Officer-1 found a firearm in a plastic bag where the individual wearing the striped shirt hung an item on the fence.

5.  In total, three plastic bags were found hanging on the fence, two of which contained firearms.

6.  At approximately 3:00 p.m., a field intelligence officer ("FIO") from the NYPD that was patrolling the area saw the defendant TYSEAN SPANN in the vicinity of 108-16 159th Street, Queens, New York, a location two blocks west from where the defendant abandoned the firearm in the black plastic bag. The FIO is very familiar with the defendant SPANN's appearance from prior interactions with law enforcement. The FIO noted SPANN's location at the time because SPANN is a suspect in multiple gunpoint robberies in the same area. The FIO was unaware that SPANN was recently observed where a firearm was abandoned. The FIO confirmed that aside from the hat, SPANN was wearing the same clothing depicted in the surveillance video when the FIO saw him two blocks away and within ten minutes of where SPANN abandoned the firearm. The FIO further identified pictures of SPANN from August 27, 2019 and August 28, 2019 where SPANN was wearing a shirt that appears to be the same shirt seen in the surveillance video.

7.  A member of an evidence collection team later recovered both firearms from the plastic bags hanging on the fence. The bag that the defendant TYSEAN SPANN hung on the fence contained a black Jiminez semiautomatic 9mm-caliber handgun with serial number TLR06642. The firearm was loaded with 9 cartridges in the magazine.

8.  I have reviewed the SPANN's criminal history, which revealed multiple felony convictions, including: (i) a May 7, 2014 conviction in Queens County for second-degree robbery, a Class C felony under New York Penal Law ("NYPL") § 160.10(2)(A); (ii) a May 7, 2014 conviction in Queens County for second-degree burglary, a Class C felony under NYPD § 140.25(2); (iii) a March 7, 2012 conviction in Queens

Case 1:19-mj-00803-LB   Document 1   Filed 09/09/19   Page 6 of 7 PageID #: 6

6

County for fourth-degree grand larceny, a class E felony in violation of NYPL § 155.30(5); and (iv) an August 11, 2010 conviction in Queens County for third-degree criminal possession of a weapon, a class D felony in violation of NYPL § 265.02(1).

9. I have conferred with an Interstate Nexus expert with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who has informed me, in substance and in part, that the recovered firearm, a black Jiminez semiautomatic 9mm-caliber handgun with serial number TLR06642, was manufactured outside the state of New York.

WHEREFORE, your deponent respectfully requests an arrest warrant for the defendant TYSEAN SPANN so that he may be dealt with according to law.

I further request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and arrest warrant. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits and arrest warrants via the internet. Therefore, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the

investigation, including by giving the defendant an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence and change patterns of behavior.

STEVEN SAINT HILAIRE
Detective
New York City Police Department

Sworn to before me this
9th day of September, 2019

S/ Bloom

THE HONORA
UNITED STAT
EASTERN DIS